1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11    NORMAN E. PATTERSON,                    Case No. 21-cv-07391 BLF (PR)

                Plaintiff,
12                                             **ORDER GRANTING MOTION FOR
                                               SUMMARY JUDGMENT**
         v.
13

14    G. MATTESON,

15                Defendant.

16                                             (Docket No. 10)

17

18          Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42

19    U.S.C. § 1983 against Warden G. Matteson, for the violation of his right to equal

20    protection.  Dkt. No. 1.[1]  Finding the complaint stated cognizable claims, the Honorable

21    Magistrate Judge Kandis A. Westmore ordered service upon Defendant.  Dkt. No. 6.

22    Defendant Matteson filed a motion for summary judgment based on the following grounds:

23    (1) Plaintiff's equal protection rights were not violated; (2) Plaintiff failed to exhaust

24    administrative remedies before filing suit; (3) the suit is barred by res judicata; (4) the

25    *Rooker-Feldman* doctrine prevents the Court from reviewing the state court decisions; and

26

27    ───────────────────
      [1] All page references herein are to the Docket pages shown in the header to each document
28    and brief cited, unless otherwise indicated.

1   (5) Plaintiff's claim is either unripe or barred by the statute of limitations.  Dkt. No. 10.[2]

2   This matter was reassigned to this Court on February 16, 2022.  Dkt. No. 12.  Plaintiff did

3   not file an opposition although given an opportunity to do so.  However, Plaintiff's

4   complaint is verified and therefore may be treated as an opposing affidavit.[3]  Defendant

5   filed a notice of Plaintiff's non-opposition and no further briefing.  Dkt. No. 14.

6          For the reasons discussed below, Defendant's motion is **GRANTED.**

7

8                                          **DISCUSSION**

9   **I.      Statement of Facts**[4]

10         **A.      Plaintiff's Allegations**

11         According to the complaint, Plaintiff was arrested and charged for his underlying

12  crimes when he was 19 years old.  Dkt. No. 1 at 3.  He is serving a term of life without

13  parole.  *Id.*  Plaintiff claims the "Youth Offender Parole" process was created by Assembly

14  Bill 1308 in 2018.  *Id.*  He claims that California Penal Code § 3501(h)'s exclusion of

15  youthful offenders serving life without parole sentences, such as himself, from the "Youth

16  Offender Parole" process violates the Equal Protection Clause.  *Id.*

17         Based on the foregoing allegations, Judge Westmore found Plaintiff stated a

18

19  _____

20  [2] In support of his motion, Defendant provides the declarations from Appeals Coordinator
    A. Petty, Dkt. No. 10-2, and Associate Director of the Office of Appeals Howard E.

21  Mosely, Dkt. No. 10-3, as well as a request for judicial notice of documents from state
    court proceedings, Dkt. No. 10-4, along with exhibits, Dkt. No. 10-5.

22  [3] A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is
    based on personal knowledge and sets forth specific facts admissible in evidence.  *See*

23  *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's
    verified complaint as opposing affidavit where, even though verification not in conformity

24  with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and
    correct, and allegations were not based purely on his belief but on his personal

25  knowledge); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), amended,
    135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended

26  complaint as opposing affidavit).

27  [4] Because no opposition has been filed, the Court accepts Defendant's statement of facts,
    unless indicated that facts are in dispute with Plaintiff's verified complaint.

28                                               2

cognizable claim under the Equal Protection Clause.  Dkt. No. 6 at 2.

**B.**   **Background**

In 1995, Erica Beeson was murdered.  Dkt. No. 10-1 at 10.  Plaintiff was 19 years old at the time.  *Id.*  In 1998, Plaintiff was convicted of oral copulation, assault, and threatening a witness to the Beeson murder.  *Id.*; Ex. 3, Dkt. No. 10-5 at 9.  Plaintiff was sentenced to approximately 9 years.  *Id.*  In 2003, Plaintiff was convicted for the murder of Beeson and robbery.  Dkt. No. 10-1 at 10; Ex. 4, Dkt. No. 10-5 at 11-12.  Plaintiff was sentenced to life without parole.  *Id.*

On January 1, 2018, State Assembly Bill 1308 amended California Penal Code § 3051, to require parole board hearings at either fifteen, twenty, or twenty-five years of incarceration for offenders under the age of twenty-six at the time of the offense.  Cal. Penal Code § 3051.  However, it carved out two exclusions to the parole hearing requirement: (1) individuals sentenced under the "One Strike" law or Penal Code § 667.61, which relates to violent sex crimes; and (2) life-without-parole sentences imposed for crimes committed between the ages of nineteen and twenty-five, also knows as the young-adult-life-without-parole exclusion.  *Id.*  The California Supreme Court is currently considering whether the first exclusion violates the Equal Protection Clause.  *See In re Woods*, 62 Cal.App.5th 740, 276 (Ct. App. 2021) (rev. granted); *cf. People v. Williams*, 47 Cal.App.5th 475 (Ct. App. 2020).  According to Defendant, the second exclusion, which applies to Plaintiff and is challenged in this action, has repeatedly been held constitutional by California appellate courts.  *In re Murray*, 68 Cal.App.5th 456 (Ct. App. 2021), *review denied* (Nov. 10, 2021); *see also In re Jones*, 42 Cal.App.5th 477 (Ct. App. 2019).

On August 19, 2020, Plaintiff filed a petition for writ of habeas corpus in Alameda County Superior Court, challenging the young-adult life-without-parole exclusion on equal protection grounds.  Dkt. No. 10-1 at 11; Ex. 5, Dkt. No. 10-5 at 17-31.  The state superior court denied the writ on procedural and substantive grounds.  *Id.* at 34-39.  Plaintiff appealed, and California Appellate Court denied the appeal on November 30, 2020.  Ex. 6,

Dkt. No. 10-5 at 47.

According to the evidence submitted by Defendant, Plaintiff did not file an inmate grievance regarding parole hearings, State Assembly Bill 1308, or any equal protection violation.  Dkt. No. 10-1 at 11; Petty Decl. ¶ 3; Moseley Decl. ¶ 7; Exs. 1-2, Dkt. No. 10-5 at 4, 6-7.

## II.    **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp.*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by

4

her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A.   <u>Exhaustion</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the

prisoner fully exhausts while the suit is pending.[5]  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.  *Id*. at 218.  In California,[6] the regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)); *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (claim properly exhausted where inmate described nature of the wrong and identified defendant as a responding officer).  California regulations also require that the appeal name "all staff member(s) involved" and "describe their involvement in the issue."  Cal. Code Regs. tit. 15, § 3084.2(a)(3).

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones*, 549 U.S. at 211. Defendants have the burden of raising and proving the absence of exhaustion, and inmates

---

[5] Because the operative complaint is the original, the holding of *Saddozai v. Davis,* 35 F.4th 705, 708 (9th Cir. 2022), does not apply.

[6] The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  *See id*. § 3084.1(e).  Under the regulations at the time of these events, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee.  *Id*. § 3084.7.

United States District Court
Northern District of California

are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17. Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.* at 1172; *see id.* at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust). Once the defendant has carried that burden, the prisoner has the burden of production. *Id.* That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id.* But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id.*

Defendant asserts Plaintiff did not exhaust his equal protection claim before filing suit and has produced evidence in support to meet his initial burden. Dkt. No. 10-1 at 15; *Albino*, 747 F.3d at 1166. The declaration of A. Petty, the Appeals Coordinator at Solano State Prison ("SSP") where Plaintiff resided since the 2018 parole revision was implemented, shows Plaintiff never filed a grievance regarding parole, equal protection, or State Assembly Bill 1308. Petty Decl. ¶¶ 1-3. The evidence also shows that the process was available to Plaintiff since he filed ten grievances between 2017 and 2019 regarding various unrelated issues while at SSP. Dkt. No. 10-5 at 6. Furthermore, Plaintiff appealed two of these matters to the Office of Appeals, but no matters regarding equal protection. Mosely Decl. ¶¶ 6-7, Dkt. No. 10-5 at 7. As Defendant asserts, this evidence shows that

the process was both available and used by Plaintiff for other issues, but not the issues in this action. Dkt. No. 10-1 at 16. Moreover, as Defendant points out, Plaintiff admits he did not file a grievance regarding his claims in the complaint, wherein he states, "[t]his is a matter of my constitutional rights being violated by the government, not the prison. The State of California has violated my rights." Dkt. No. 10-1 at 16, citing Dkt. No. 1 at 1-2. Lastly, Plaintiff's claim for injunctive relief does not excuse exhaustion because the PLRA requires exhaustion of all claims presented in a section 1983 lawsuit regardless of the relief sought. *See Booth*, 532 U.S. at 741.

Based on the foregoing, Defendant has shown that Plaintiff failed to properly exhaust all available administrative remedies with respect to his equal protection claim before filing suit. In response, having filed no opposition, Plaintiff has failed to show that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Accordingly, Defendant is entitled to summary judgment under Rule 56 based on Plaintiff's failure to exhaust administrative remedies with respect to the equal protection claim against him. *Id*.

Nevertheless, because Defendant has also responded on the merits, the Court will consider some of the other arguments in the motion.

### B.   Equal Protection Claim

Plaintiff claims that his right to equal protection was violated because the young-adult life-without-parole exclusion in Penal Code § 3051(h) unfairly discriminates against him in denying him access to the Youth Offender Parole process under Assembly Bill 1308. Dkt. No. 1 at 3.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v.*

*Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

Equal protection challenges to parole statutes distinguishing between categories of criminal offenders are reviewed under a rational basis test because prisoners are not a suspect class and there is no fundamental constitutional right to parole. *See Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) (Nevada legislature did not lack a rational basis for requiring more scrutiny of sexual offenders in parole matters than other classes of criminals due to heightened recidivism concerns). To pass rational basis, the difference in treatment must be rationally related to a legitimate government purpose. *See Romer v. Evans*, 517 U.S. 620, 631 (1996); *McQueary v. Blodgett*, 924 F.2d 829, 834 n.6, 835 (9th Cir. 1991)).

Defendant asserts that Plaintiff fails to establish an equal protection claim because he fails to show all the requirements, *i.e.*, he is similarly situated to those granted a parole hearing under Penal Code § 3051(h) but the state treated him differently, he is a member of a protected class, and there is no rational basis for the difference in treatment. Dkt. No. 10-1 at 13-14. Firstly, Defendant asserts Plaintiff is not similarly situated to juvenile or young-adult offenders who receive a parole hearing under Penal Code § 3051(h) because both his age (19) and the imposed sentence (life-without-parole) differentiate him. *Id.* at 13. Defendant cites to United States Supreme Court precedent in *Miller v. Alabama*, 567 U.S. 460, 471 (2012), which held that juvenile offenders are fundamentally different from

1   adult offenders and not similarly situated. *Id.* Moreover, California courts have

2   specifically held that young-adult offenders sentenced to life *without* parole are not

3   similarly situated to young-adult offenders sentenced *with* the possibility of parole. *Id.*,

4   citing *People v. Jackson*, 61 Cal.App.5th 189, 200, reh'g denied (Mar. 11, 2021), review

5   denied (June 9, 2021). Secondly, Defendant asserts that even if Plaintiff were similarly

6   situated to prisoners granted a parole hearing under Penal Code § 3051(h), he does not

7   allege anywhere in the complaint that Defendant Matteson intentionally discriminated

8   against him based on his membership in a protected class. Dkt. No. 10-1 at 14. Defendant

9   also asserts that Plaintiff cannot do so anyway because "neither prisoners nor 'persons

10  convicted of crimes' constitute a suspect class for equal protection purposes.'" *Id.*, citing

11  *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *Glauner v. Miller*, 184 F.3d

12  1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class…."). Lastly, Defendant

13  asserts that the United States Supreme Court and the California Supreme Court agree that

14  sentencing juvenile and young-adult offenders differently is rationale. Dkt. No. 10-1 at 4,

15  citing *In re Murray*, 68 Cal.App.5th 456, 464 (Ct. App. 2021), review denied (Nov. 10,

16  2021) (citing *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (other citations omitted).

17  California appellate courts have repeatedly extended this reasoning to parole statutes,

18  concluding that the exclusion of young-adult life-without-parole offenders from a twenty-

19  five-year parole hearing pursuant to Penal Code § 3051(h), whether based on age or the

20  enhanced life-without-parole sentence, does not violate the Equal Protection Clause of the

21  Fourteenth Amendment. *Id.*, citing *In re Murray*, 68 Cal.App.5th at 464; *Jackson*, 61

22  Cal.App.5th at 196-198, 200; *People v. Acosta*, 60 Cal.App.5th 769, 775 (Ct. App. 2021),

23  reh'g denied (Mar. 1, 2021), review denied (June 9, 2021).

24       Having reviewed the submitted briefs and documents in support and viewing the

25  evidence in the light most favorable to Plaintiff, the Court finds Defendant has met his

26  burden of demonstrating the absence of a genuine issue of material fact with respect to this

27  claim. *See Celotex Corp.*, 477 U.S. at 323. Defendant has clearly shown that there has

28

United States District Court
Northern District of California

been no violation of Plaintiff's equal protection rights based on his exclusion from a parole hearing under Penal Code § 3051(h) because Plaintiff (a lifer serving a sentence *without* the possibility of parole) is not similarly situated with those to whom the statute applies (lifers *with* the possibility of parole). Furthermore, Plaintiff has failed to show that he is a member of a suspect class, and that Defendant intentionally discriminated against him because of his membership in a suspect class; nowhere in the complaint does he make such an allegation. Lastly, the United States Supreme Court and California Supreme Court precedent is clear that there is a rational basis for sentencing juvenile and young-adult offenders differently.

In response, Plaintiff has filed no opposition showing that there is a genuine issue for trial or identifying any evidence that precludes summary judgment. *Celotex Corp.*, 477 U.S. at 324.

Based on the foregoing, the Court finds summary judgment is appropriate because there are no genuine issues of material facts with respect to this equal protection claim. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, Defendant is entitled to summary judgment on this claim.

### C.     <u>Res Judicata</u>

Defendant asserts that Plaintiff's claim is barred by res judicata because his state habeas petition and the instant lawsuit allege the same injury, same wrong, and seek the same relief, and as such, the same "primary right" in this matter was previously adjudged and should not be re-examined here. Dkt. No. 10-1 at 16-18.

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to the principles of issue and claim preclusion by a prior state court judgment. *See Allen v. McCurry*, 449 U.S.

90, 104–05 (1980) (traditional doctrines of preclusion apply to § 1983 cases); <u>Migra</u>, 465 U.S. at 84 (extending rule of *Allen* to cover claim preclusion as well as issue preclusion). A civil rights action under § 1983 may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant.  *See Takahashi v. Bd. of Trustees of Livingston Union School Dist.*, 783 F.2d 848, 851 (9th Cir. 1986) (citing *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1976)).  It does not matter that the plaintiff had no opportunity to litigate the claim in a federal forum. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (citations omitted).  State habeas proceedings also can have issue or claim preclusive effect on later § 1983 actions if the state habeas court afforded the petitioner a full and fair opportunity to be heard.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981); *see also Sperl v. Deukmejian*, 642 F.2d 1154, 1155 (9th Cir. 1981) (state habeas proceeding precludes reconsideration of the same issue in subsequent § 1983 action even when federal habeas corpus relief is not available); *Gonzalez v. CDC*, 739 F.3d 1226, 1231 (9th Cir. 2014) (extending rule of *Silverton* to cover claim preclusion as well as issue preclusion).

Because the relevant state court decision that Defendant relies on to establish claim preclusion was issued by a California court, California's claim-preclusion doctrine establishes the relevant standard.  Under California law, "a final judgment of a state court 'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009).  To determine what constitutes the same cause of action for purposes of claim preclusion, California courts use the "primary rights theory." *Id.*  Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Id.* (internal quotations and citations omitted).  If this cause of action test is satisfied, then the same primary right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, or adds new

12

facts supporting recovery. *Id.* (internal quotations and citations omitted).

In his state habeas petition before the Alameda Count Superior Court, Plaintiff argued that his right to equal protection under the Fourteenth Amendment was violated by the exclusion of inmates, such as himself, serving life-without-parole from the benefits of Penal Code § 3051. Dkt. No. 10-5 at 19-22. He asserted that he was entitled to a Youthful Offender hearing under the same section. *Id.* at 29. In denying the petition, the state superior court found that Plaintiff was not similarly situated to young adult murderers who received life *with* the possibility of parole. *Id.* at 38.

In both actions, Plaintiff challenges his exclusion from the benefits of Penal Code § 3051 as a violation of his right to equal protection under the Fourteenth Amendment. Accordingly, both actions have the same primary right at stake, i.e., Plaintiff's Fourteenth Amendment right to equal protection. Secondly, both actions involve the same alleged wrong by Defendants — denying him a Youth Offender hearing under Penal Code § 3051. Lastly, both actions also involve the same injury to Plaintiff — the denial of the opportunity to make early parole. Based on the foregoing, the Court finds that the two actions involve the same cause of action under California law. *See Brodheim*, 584 F.3d at 1268.

Furthermore, the fact that the state court action and the federal court action have different defendants does not bar the application of res judicata. Defendant in this federal action is in privity with Respondent (defendant) in the state court action. Privity exists when a person is so identified in interest with another that he represents the same legal right. *See Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1367 (9th Cir. 1985). The focus of the inquiry is whether the party in the later action was "'sufficiently close'" to the party in the first action so as to justify application of preclusion principles. *See id.* (citation omitted). The party to be precluded should reasonably have expected to be bound by the prior adjudication. *See id.* This requires a contextual approach based on the need to avoid repetitive litigation, rather than an approach based on mere formalities with regard to the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

parties.  *See id.* (finding former county employee's interests to be in privity with Fair Employment and Housing Commission where Commission authorized to proceed against county on former employee's behalf); *see also In re Schimmels*, 127 F.3d 875, 881-82 (9th Cir. 1997) (identifying several relationships deemed "sufficiently close" to justify finding of privity).  Moreover, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicate in religitation of the same issue between that party and another officer of the government."  *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1941); *See also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (same); *Gonzales v. Cal. Dep't of Corr.,* 782 F.Supp.2d 834, 839 (N.D. Cal. 2011) (section 1983 complaint and state habeas proceedings involved "the same prison officials, even though the form of the action in state court (i.e., a habeas petition) led plaintiff to identify as the adverse party his custodian rather than the individual wrongdoers").

In his state habeas petition, Plaintiff named as respondent the State of California.  In the instant federal civil rights action, Plaintiff named Warden G. Matteson, who is employed by the State of California.  As such, the Court finds that Warden Matteson is sufficiently close to the State of California to justify the application of res judicata because the interests of the Warden and the State of California in regard to the correct application of Penal Code § 3051 are closely aligned.  *See Trujillo*, 775 F.2d at 1367.  Thus, the parties involved in both proceedings are identical under California law and therefore in privity with each other for purposes of res judicata.  Moreover, Plaintiff has filed no opposition to argue that privity does not exist between the defendants in both actions.

Lastly, Defendant asserts that the prior decision was final and on the merits.  Dkt. No. 10-1 at 19-20.  The Court agrees.  Because Plaintiff has filed no opposition, there is no dispute that the state court rendered a valid judgment on the merits in favor of the State after Plaintiff was afforded a full and fair opportunity to be heard on his claims.  Therefore, under California law, the final judgment in Plaintiff's state habeas proceeding precludes all

the claims in the instant federal action.  *See Silverton*, 644 F.2d at 1347; *Sperl*, 643 F.2d at 1155.

Because the Court finds res judicata applies to bar all the claims in this action, there is no need to discuss whether collateral estoppel also applies.

## CONCLUSION

For the reasons stated above, Defendant G. Matteson's motion for summary judgment is **GRANTED**.  Dkt. No. 10.  The Equal Protection claim against him is **DISMISSED with prejudice** on the merits and as barred by res judicata.[7]

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

**Dated:  ___August 30, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order Granting MSJ
PRO-SE\BLF\CR.21\07391Patterson_grant-MSJ

_____

[7] Because the Court finds no constitutional right has been violated and that the claims are barred by res judicata, the Court need not discuss Defendant's remaining arguments based on the *Rooker-Feldman* doctrine, lack of ripeness, and untimeliness.  Dkt. No. 10-1 at 21-23.

United States District Court
Northern District of California

15